```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

FILIPPO TOSCANO,                )
          Plaintiff,            )
                                )
     v.                         )   C.A. No. 04-12474-DPW
                                )
FLEET BOSTON FINANCIAL,         )
          Defendant.            )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is directed to demonstrate good cause why this action should not be dismissed.

### BACKGROUND AND ALLEGED FACTS

Pro se plaintiff Filippo Toscano ("plaintiff") filed an amended civil complaint (Docket No. 4) against his former employer and/or his former employer's long-term disability insurance carrier.[1]  In summary, plaintiff claims that he is totally disabled and unable to work.  The crux of his complaint appears to be that his former employer and its insurance carrier stopped paying long term disability benefits to which he believes he was entitled.  See Docket No. 4., p. 1.  Plaintiff asks this court to "reinstat[e his] Long-Term Disability, my employment and all damages cause by Fleet Boston Financial and Liberty Mutual."

More specifically, based on the documents submitted by plaintiff, it appears that he had been employed at Fleet Boston Financial from October 1999 until he became totally disabled some time in 2001.  It further appears that for some period of time,

---

[1] In the documents submitted by plaintiff, the defendant "Fleet Boston Financial"  is also referred to as "Bank of America."

he received long-term disability benefits through his employer's insurance carrier, Liberty Life Assurance Company of Boston ("Liberty").  Plaintiff's long-term disability benefits were terminated via letter dated October 20, 2004.  According to documents submitted by plaintiff, the termination of benefits followed a determination by the insurance carrier that he no longer met the "FleetBoston Financial Corp. definition of disability," and that plaintiff had refused to seek work which Liberty deemed he "could perform...based on [his] capacity and skill level." See Docket No. 4., p. 8 (letter dated January 20, 2005 from Liberty to plaintiff).

The October 20, 2004 letter states that "[u]nder the Employee Retirement Income Security Act (ERISA), [plaintiff] may request a review of this denial" "within 180 days of your receipt of this letter...."  See Docket No. 4, p. 8.  The letter further advises plaintiff that if the company denied his request after such further review, then "[plaintiff would have] the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review." See Docket No. 4, p. 8.

It does not appear from the documents submitted by plaintiff that he submitted a written request for review of the original decision to discontinue his long-term disability benefits.

**ANALYSIS**

I.  Plaintiff's Complaint Is Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915(e)

Plaintiff is proceeding in forma pauperis in this action pursuant to 28 U.S.C. Section 1915.  Accordingly, his complaint is subject to the screening provisions of 28 U.S.C. § 1915(e).  Section 1915 authorizes a federal court to dismiss any in forma pauperis action if it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Under Section 1915, in forma pauperis complaints may be dismissed sua sponte and without notice if the claims are based on an indisputably meritless legal theory or if the factual allegations are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  An in forma pauperis complaint can also be dismissed if it fails to state a claim on which relief may be granted or if it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

II.  This Action Is Subject To Dismissal Under Section 1915

In this action, it appears that plaintiff has failed to state a viable federal claim because he did not properly exhaust his administrative remedies prior to filing this action.  Under the federal Employee Retirement Income and Security Act ("ERISA"), a claimant under an employer-provided benefits plan, such as plaintiff in this action, must first have timely exhausted the plan's administrative remedies before bringing suit

in court to recover benefits allegedly owed.  See <u>Drinkwater v. Metropolitan Life Ins. Co.</u>, 846 F.2d 821, 825-26 (1st Cir. 1998); <u>Fletcher v. Tufts University</u>, 367 F. Supp. 2d 99, 116 (D. Mass. 2005).  Quite simply, it appears that in this case that plaintiff could have appealed Liberty's original denial of benefits by filing a written request for further review within 180 days.  It further appears, however, that he failed to do so. Accordingly, this action is subject to dismissal because plaintiff failed to exhaust his administrative remedies.

## CONCLUSION

ACCORDINGLY, plaintiff's claims are subject to dismissal under 28 U.S.C. § 1915(e)(2) within thirty-five (35) days of the date of this Memorandum and Order unless plaintiff demonstrates good cause before that time, in writing, as to why this action should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 6th day of August, 2007.

                                       /s/ Douglas P. Woodlock
                                      UNITED STATES DISTRICT JUDGE