```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


FILIPPO TOSCANO,                    )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )    CIVIL ACTION NO.
                                    )      04-12474-DPW
                                    )
FLEET BOSTON FINANCIAL,             )
                                    )
        Defendant.                  )
```

MEMORANDUM AND ORDER
February 1, 2008

For the reasons stated below, the Court (1) dismisses the plaintiff's second complaint; and (2) directs the plaintiff to show cause why the claims asserted in his first complaint should not be dismissed.

### I. Background

In November 2004, Filippo Toscano filed a self-prepared complaint (docket entry #2) bringing claims of discrimination based on national origin (Italian), disability, and age against his former employer, Fleet Boston Financial ("Fleet"). Reading the complaint generously, Toscano alleges that his former supervisor harassed him, refused to provide him support and assistance, and gave him negative performance reviews because of Toscano's national origin. Toscano also appears to allege that he unfairly received performance warnings for conduct attributed to a partial hearing loss and medical problems with his heart and leg. Exhibits to the complaint indicate that Toscano was fifty-five years old when he filed the complaint.

After I had granted Toscano's motion to proceed *in forma pauperis*, but before the complaint had been screened pursuant to 28 U.S.C. § 1915(e)(2)[1], Toscano filed another document which he identified as a complaint (docket entry #4). Toscano alleged in that document that Fleet and Fleet's insurance carrier had wrongfully terminated Toscano's long-term disability benefits. Apparently because the docket already contained one complaint, the Clerk docketed the second complaint as an amended complaint. Except for a single reference to the "American Disability Act," the amended complaint does not contain any of the allegations in the original complaint that Fleet discriminated against Toscano during his employment.

An amended complaint completely supercedes a previously-filed complaint, *see Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 88 n.2 (1st Cir. 2007). Consequently, when I later screened this action pursuant to 28 U.S.C. § 1915(e)(2), I reviewed the amended complaint (docket entry #4) and did not consider the claims asserted in the original complaint (docket entry #2). Accordingly, on August 6, 2007, I issued a memorandum and order (docket entry #5) in which I explained that Toscano had failed to state a claim upon which relief may be granted because

---

[1] This statute provides that a district court dismiss the action of a litigant proceed *in forma pauperis* if the plaintiff has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

2

it appeared that he had not exhausted his administrative remedies with respect to the claim that Fleet and its carrier wrongfully terminated his long-term disability benefits.  *See, e.g.*, *Madera v. Marsh USA,* Inc., 426 F.3d 56, 61-63 (1st Cir. 2005); *Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 825-26 (1st Cir. 1998).

On August 20, 2007, Toscano filed a response to the show cause order (docket entry #6)[2], including numerous exhibits.  In the show cause response, Toscano does not indicate whether he exhausted his administrative remedies with respect to the termination of his long-term disability benefits.  Instead, he repeats and expands on the allegations in his original complaint (docket entry #2) concerning the negative treatment he received from his supervisor while working at Fleet.  After an excursion to the Court of Appeals, *see* Note 2 below, the case has returned to this Court and I seek in this Memorandum and Order to put the somewhat confused proceedings on an orderly track.

---

[2]The plaintiff entitled this document, "Appeal to the Memorandum note of dismissal dated August 6, 2007 by DOUGLAS P. WOODLOCK, UNITED STATES DISTRICT JUDGE."  Based on this title, the document was docketed by the Clerk as a notice of appeal.  The case was then closed and transmitted to the United States Court of Appeals for the First Circuit.  Toscano later filed a letter (docket entry #9) in which he stated that had mistakenly titled the document filed on August 20, 2007 as an "Appeal," and clarified that the document was a response to the August 6, 2007 show cause order.  The First Circuit then treated the appeal as having been voluntarily dismissed.  Because the case was closed through error, I direct the Clerk to reopen this action.

## II.  Discussion

**A.  Claims Concerning the Termination of Long-Term Disability Benefits**

As noted above, in his response to the Court's show cause order, Toscano did not address whether he had exhausted his administrative remedies in regards to his claim that he was wrongly denied disability benefits.  Therefore, for the reasons stated in the August 6, 2007 show cause order, that claim is dismissed for failure to exhaust administrative remedies.

**B.  Claims of Employment Discrimination**

Because it appears from Toscano's response to the show cause order that he may have intended that the disability benefit complaint filed in February 2005 supplement, rather than supercede, his original complaint, I will consider whether, for purposes of 28 U.S.C. § 1915(e)(2), this action should be allowed to go forward with respect to any claims under federal and state laws prohibiting employment discrimination.

As noted above, Toscano claims that his former employer discriminated against him on the basis of national origin, disability, and age.  Employment discrimination on the basis of national origin is prohibited under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII").  *See* 42 U.S.C. § 2000e-2(a)(1).  The Americans with Disabilities Act, 42 U.S. C. § 12101 *et seq.* ("ADA"), prohibits employers from discriminating against qualified individuals with a disability.

4

*See* 42 U.S.C. § 12112(a).  Under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), persons forty years of age or older are protected from employment discrimination based on age.  *See* 29 U.S.C. §§ 623, 631(a).  All three forms of discrimination are also prohibited under Chapter 151B of the laws of Massachusetts, M.G.L. ch. 151, § 1, *et seq.* ("Chapter 151B").  *See* M.G.L. ch. 151B, §§ 1, 1B.  However, under the administrative scheme created by these statutes, a party must file a timely charge of discrimination with the appropriate administrative agency--the Equal Employment Opportunity Commission ("EEOC") for claims under federal law, and the Massachusetts Commission Against Discrimination for claims under Chapter 151B[3]--and exhaust his administrative remedies in front of those agencies, prior to filing a lawsuit in court.  *See* 42 U.S.C. § 2000e-5(e) (Title VII); 42 U.S.C. § 12117(a) (ADA; referencing procedures for claims under Title VII); 29 U.S.C. § 626(d) (ADEA); M.G.L. ch. 151B, §§ 5, 9; *Frederique-Alexandre v. Dep't of Natural & Envtl. Res. Puerto Rico*, 478 F.3d 433, 440 (1st Cir. 2007); *Davis v. Lucent Techs., Inc.*, 251 F.3d 227, 231 (1st Cir. 2001); *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d

---

[3]Because Massachusetts has a "work-sharing" agreement with the EEOC, charges of discrimination filed with the MCAD or the EEOC are effectively filed with both agencies.  *See* 29 C.F.R. § 1601.13(a), (b); *Davis v. Lucent Techs., Inc.*, 251 F.3d 227, 231 n. 1 (1st Cir. 2001); *Seery v. Biogen, Inc.*, 203 F. Supp. 2d 35, 43 (D. Mass. 2002).

275, 278 (1st Cir. 1999).

A charge of discrimination must be filed with the EEOC or the MCAD within three hundred days after the unlawful conduct occurred. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 616(d)(2)[4]; 804 C.M.R. § 1.10(2).[5] With respect to charges of discrimination filed with the EEOC under Title VII and the ADA, the litigant exhausts his administrative remedies when he receives a "right to sue" letter from the agency, after which he has 90 days to file a lawsuit in court. *See* 42 U.S.C. § 2000e-

---

[4]The work-sharing agreement between Massachusetts and the EEOC also extends the time for filing a charge of discrimination with the EEOC from 180 days to 300 days from the unlawful conduct. *See Fletcher v. Tufts Univ.*, 267 F. Supp. 2d 99, 107 (D. Mass. 2005).

[5]In regards to a charge of discrimination filed with the MCAD:

> [T]he 300 day requirement shall not be a bar to filing in those instances where facts are alleged which indicate that the unlawful conduct complained of is of a continuing nature, or when pursuant to an employment contract, an aggrieved person enters into grievance proceedings concerning the alleged discriminatory act(s) within 300 days of the conduct complained of and subsequently files a complaint within 300 days of the outcome of such proceeding(s).
>
> Provided, likewise, that the 300 day requirement shall not be a bar to filing in those instances when, pursuant to 804 CMR 1.10(3)(b), an aggrieved person enters into an agreement to voluntarily mediate the alleged discriminatory acts within 300 days of the conduct complained of and subsequently files a formal complaint within 21 days of the conclusion of such proceedings.

804 C.M.R. § 1.10(2).

5(f)(1); *Noviello v. City of Boston*, 398 F.3d 76, 85 (1st Cir. 2005). An ADEA claimant may file a claim in court sixty days after having filed his administrative claim with the EEOC. *See* 29 U.S.C. § 626(d). A claimant who has filed a charge of discrimination under Chapter 151B must first allow a waiting period to pass before filing a lawsuit in court; after filing the lawsuit, he must notify the MCAD. *See* M.G.L. ch. 151B, § 9.

Toscano has submitted to this Court in this action two complaints, a response to a show cause order, performance reviews, medical records, copies of notes from Fleet employees who attending Toscano's training classes, emails, and even a recording of phone messages. It is significant that, despite the quantity of information submitted to the Court, Toscano has not made any mention of having filed a charge of discrimination with the MCAD and/or the EEOC. While filing a charge of discrimination is not a jurisdictional prerequisite to filing a lawsuit, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("We hold that a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."), failure to file a timely charge of discrimination can preclude recovery, *see, e.g.*, *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005).

I recognize that, in the context of employment

discrimination claims, the failure to exhaust administrative remedies is an affirmative defense that is subject to several exceptions. *See Zipes*, 455 U.S. at 493. I also recognize that, where, as here, exhaustion is not an element of a prima facie claim, a complaint's mere silence on the issue of exhaustion may not constitute sufficient basis for a *sua sponte* dismissal by the Court. *C.f. Jones v. Bock*, 127 S. Ct. 910, 920-21 (2007) (prisoner's failure to affirmatively plead exhaustion is not basis for dismissal of civil rights claim, even though Prison Litigation Reform Act requires administrative exhaustion of such claims). However, in this case, where the plaintiff's silence on the subject of exhaustion is notable, I find that it is in the interest of judicial efficiency, within the inherent authority of the Court, and consistent with the objectives of 28 U.S.C. § 1915(e)(2) to probe as part of the screening process whether the plaintiff has satisfied the administrative charge requirements of Title VII, the ADA, the ADEA, or Chapter 151B before permitting the issuance of summons and requiring the defendant to respond. *See, e.g.*, *Ghosh v. McClure*, 2007 WL 400648, at *6 n.3 (S.D. Tex. Jan. 31, 2007) (where complaint was silent as to administrative exhaustion of claim, and upon the court's order for clarification the plaintiff subsequently submitted a statement indicating he had not exhausted his administrative remedies, *Jones* did not preclude dismissal upon a

preliminary screening).

**III. Conclusion**

    Accordingly, it is hereby ORDERED that:

    1.   The Clerk reopen this case.

    2.   The claims of the second complaint (docket entry #4), in which the plaintiff claims that his long-term disability benefits were wrongfully terminated, be dismissed.

    3.   If the plaintiff wishes to pursue the employment discrimination claims set forth in the original complaint (docket entry #2), he must, within thirty-five (35) days of the date of this Memorandum and Order, submit to the Court a statement in which he informs the Court: (a) whether he filed a charge of employment discrimination against Fleet with the MCAD or the EEOC, and the date of any such filing; (b) the nature of any such charges (*i.e.*, whether he alleged discrimination based on national origin, age, disability, or any other basis); (3) whether he received a right to sue letter from the EEOC, and the date of any such letter; *and* (4) whether he commenced an employment discrimination action against Fleet in any state court, and the case number and court of any such action. If the plaintiff did not file a timely charge of discrimination with the MCAD or EEOC, then he must submit a statement explaining why he failed to do so. Failure to respond to this directive may result in dismissal of this case. Any statement submitted in response

to this directive should be titled "Statement in Response to Show Cause Order."

                                                  /s/ Douglas P. Woodlock
                                                  DOUGLAS P. WOODLOCK
                                                  UNITED STATES DISTRICT JUDGE