From: Filippo Toscano
30 Bradley Road
N. Weymouth, MA 02191
Phone: 781-337-7510

To: UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
1 Courthouse Way, Suite 2300
Office Of The clerk
Boston, MA 02210

N. Weymouth February 16, 2008

**Filippo Toscano,**            )
       **Plaintiff**           )
   V           )  C.A. No. 04-12474-DPW
**Fleet Boston Financial**      )
       **Defendant**           )
       "Statement in Response to Show Cause Order"
          February 1, 2008

Honorable Judge DOUGLAS P. WOODLOCK thank you to be patience with me and to allow me to go forward for this case.
I am very stressed about this all situation, but with the help of my daughter I am trying to answer your questions on page 9 from the "Memorandum And Order, February 1 2008" sent to me.

1. I have filed a charge of employment discrimination against Fleet Boston Financial, with MCAD on 4/24/2002 of which I am enclosing copies.
I had at the time Attorney Philip F. Mulvey, III representing me, in his own way. He did things his way and I find out when was to late that he did not submitted all material to MCAD, and he abandoned my case and me.
I did not kwon that I could have had the chance to appeal that decision, and I was so stressed and all the medications that I was taken that I stayed in limbo until I received the Dismissal and Notice of rights from EEOC dated 10-28-2004, of which I am enclosing a copy.

On 11/22/2004 I opened this case in Your Federal Court, and beside this Court I never opened any such action against Fleet Boston Financial.

Honorable Judge Douglas P. Woodlock, regarding the second complaint (docket entry #4) I am asking you to reconsider the reinstatement of my long-term-disability benefits because I did exactly what all my doctors had recommended at that time

to stay out of work for hostile environment work place, stress and all the other things that they have affirmed and sustained. In addition Fleet and Liberty Mutual have distorted things because they opposed HR Susan Membrino decision to let me go to a different department. Susan Membrino had arranged an interview for me with the Roslindale Branch Manager, in which they were ready to give me the position of Assistant Branch Manager. You have to believe me and you should be in touch with HR Membrino and ask her about this situation, that I believe strongly she remember it very well.
Fleet Boston Financial and Liberty Mutual have distorted and faked the truth.
I am asking you, that represent JUSTICE on EARTH, to be the RIGHT JUDGE and investigate the reality of events the right way.

Please review my doctors statements and specially in the tape the filthy message left to me and the message left by HR Susan Membrino, affirming what I have just stated above for the new position.

Then I am still demanding that I should be compensated as stated on my letter dated November 20, 2004 at page 4 that you have in your hands.
I strongly believe that I have been harassed, singled out, and discriminated due to my strong Italian accent, my disability and my age, National Origin, and I was the Only man in Massachusetts to teach that program. This is in violation of M.G.L. 151B Section 4 Paragraph 16; M.G.L. 151B Section 4 Paragraph 1, and ADA

Title VII of the Civil Rights Act of 1964, as amended states as follows:
   It shall be an unlawful employment practice for an employer-
      (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against and individual with respect to his compensation terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin, or

The corresponding Massachusetts state law, MGL c. 151B contains similar prohibitions. It is rare in any discrimination case that a plaintiff can prove out Right that an employer has unlawfully discriminated against him/her. Direct Evidence generally does not exist. In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) the Supreme Court gave guidance with respect to the proof Required in discrimination cases.
   1. Plaintiff must state a prima facie case of discrimination;
   2. Defendant must proffer a legitimate reason for having taken the employment action; and
   3. Plaintiff must then prove that defendant's proffered reason was a "pretext for the sort of discrimination prohibited by Title VII."

The Court in this case states that all of the evidence taken together would establish the defendant's tendency to (or not) discriminate

The SJC recently decided Chief Justice for Adm. And Management of the Trial Court v. MCAD, 439 Mass 729 (2003) and held that even if defendant's proffered reasons in stage two are legitimate, a fact finder can still decide that discrimination was the cause of the challenged employment decision

Honorable Judge Douglas P. Woodlock you should grant to me a COUNSEL to help represent me free of charge, if this is the law, because I am not able to continue to go forward because this is above my knowledge and my health is been tested severely. I cannot do many joyful things with my wife, my grand-children. Almost every day my mind goes back to these events and I don't know how long more my heart will take. When I was instructing at Fleet I was going to work every day terrified with the fear that something bad will happen to me. Still I had the courage and the strength to do my job with the best of my knowledge and love

I am still regularly under the care of George Gales, MD; Andrey Gagarin, Psychiatrist; and Laurie Sherwood, LICSW Psychotherapist
I am taking these medications daily: Lexapro, Aspirin, Atenolol, Folic Acid, Norvasc, Lovastatin, Spironolact, Omeprazole, Zetia, Lidoderm Patch for the leg, and Nitroglycerin when needed.

Honorable Judge Douglas P. Woodlock you are my Judge on hearth to whom I am relying for "JUSTICE".

The poor of spirit they shall get the reign of God;
The sorrowing they shall be consoled;
The lowly they shall inherit the land;
The hunger and thirst for justice, they shall have their fill;
Those who show mercy, mercy shall be theirs;
Those who are persecuted, they shall gain the Reign of GOD

I am very grateful to Your Honor for listening to me and giving me one more chance to let the truth triumph!
I am waiting for a positive answer. Thank you very much and GOD BLESS ALL!

Filippo Toscano

*[signature: Filippo Toscano]*

PS: I was hired under the ADA program by Human Resource Susan Membrino: 617-346-0499 At 1 Federal St, 6TH Floor Boston, MA 02114.

3

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

| MCAD DOCKET NUMBER: 02BEM01346 | EEOC/HUD CHARGE NUMBER: 16CA201833 |
|---|---|
| FILING DATE: 04/23/02 | VIOLATION DATE: 04/19/02 |

Name of Aggrieved Person or Organization:
Filippo Toscano
30 Bradley Rd
North Weymouth, MA 02191
Primary Phone: (781) 337-7519 ext. ____

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
Fleet Boston Financial
Human Resources
1 Federal St
MADE 10306P
Boston, MA 02110
Primary Phone: (617)482-2595 ext. ____

Karen Osowski
Fleet Boston Financial
1075 Main St, 1 Fleet Place
MA DE 13501F
Waltham, MA 02451
Primary Phone: (781)788-2179 ext. ____

No. of Employees:        25+

Work Location: Waltham and Dedham

Cause of Discrimination based on:
    National Origin, Italian, Sicilian, Corsican, Sardinian; Disability, Heart Disease (including hypertension, hypotension, etc).

**The particulars are:**
    I, Filippo Toscano, the Complainant believe that I was discriminated against by Fleet Boston Financial, Karen Osowski, on the basis of National Origin, Disability. This is in violation of M.G.L. 151B Section 4 Paragraph 16; M.G.L. 151B Section 4 Paragraph 1 and ADA.

    I began working for Fleet Boston Financial in October 1999. I was initially hired as an Operations Supervisor, and I was then promoted in December of 2000 as a Training Specialist. Karen Osowski is my current supervisor. She tries to intimidate me during meetings, and often makes fun of my strong Italian accent. There are about nine other trainers, and Ms. Osowski treats them all very well. She would provide additional assistance and training to my co-workers, but would purposely exclude me. I have always recieve positive feedback from my trainings, as trainees are provided with evaluations to fill out confidentially. I have an average rating of 4.8 (out of a possible 5) on these evaluations. Despite this positive feedback, Ms. Osowski has given me three unjustified warnings for my performance. Ms. Osowski took over the department in June of 2001. I was due a performance evaluation by her in February, which she refused to give me.

MCAD Docket Number 02BEM01346, Complaint

In September of 2001 I suffered a heart attack, and I was out for a brief period of time. Just recently in April of 2002, my doctor had placed me on indefinite leave due to my heart condition and stress. Respondent is aware of this condition, as I forwarded all medical documentation to them. I had a meeting scheduled with the Director of Training Department, Monica Herlihy, for April 23, 2002. I wanted to speak with her about the entire work situation, and the fact that Ms. Osowski was purposely treating me differently than the other trainers. I received a phone call the day before, on April 22, 2002, stating that the meeting was cancelled. I believe that I am being harassed and singled out due to my strong accent, and my disability.

---

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY of 4/23/2002.

NOTARY PUBLIC: Stephen P. Lewis

SIGNATURE NOTARY PUBLIC: 

MY COMMISSION EXPIRES: 8/4/05

MCAD Docket Number 02BEM01346, Complaint

**The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024**

4/24/2002

Filippo Toscano
30 Bradley Rd
North Weymouth, MA 02191

                         RE: Filippo Toscano vs. Fleet Boston Financial, Karen
                         Osowski
                         MCAD Docket Number: 02BEM01346
                         EEOC/HUD Number: 16CA201833

Dear Complainant Party:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has assigned Allison Hope to investigate the above referenced complaint of discrimination. The Commission's investigator will review the allegations in the complaint and will keep the parties informed of developments arising from that investigation.

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD schedules an Investigative Conference with the parties shortly after the complaint is filed. Information about the Conference is included with this notice.

An Investigative Conference regarding the above complaint will be held at the Commission's Office, One Ashburton Place, Boston, MA at 10:30 AM on 05/20/02. You are required to attend this conference and your failure to do so will be taken as representing a lack of interest on your part in pursuing this claim.

One important purpose of this conference will be to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolution as an alternative to the often lengthy and expensive litigation process.

If you have any questions pertaining to the Investigation, please contact Allison Hope at (617) 994-6085.

Very truly yours,

Allison Hope
Investigator

Cc:

MCAD Docket Number 02BEM01346, Serve Complainant – With Investigative Conference

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Room 601, Boston, MA 02108

Philip F. Mulvey, III, Esquire   MAY 2 5 2004
Law Office of Philip F Mulvey, III
152 Adams Street
Milton, MA 02186

RE:  Toscano v. Fleet Boston et al
     MCAD DOCKET NO: 021301346

Dear Parties:

On November 25, 2003 the Complainant submitted a written appeal regarding the above reference Complaint to consider the Complainant's appeal of the lack of probable cause finding issued by this Commission on September 18, 2003.

Based upon information presented in the written appeal and review of the evidence adduced in investigation, I have determined that the <u>Lack of Probable Cause</u> finding in this case is affirmed. This means that investigation and appeal evidence fails to establish sufficient evidence to determine that an unlawful act of discrimination has been committed.

All employment complaints where applicable, are dual filed with the U.S. Equal Employment Opportunity Commission (EEOC). Our finding will be forwarded to its Area Office, JFK Federal Building, Boston, MA 02203. The MCAD finding will be given substantial weight by the EEOC provided that such finding are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and or The Americans with disabilities Act of 1990.

Very truly yours,

Dorca I Gomez
Investigating Commissioner

cc: Bert H. Ware, Senior Counsel
    FleetBoston Financial Corporation
    Legal Department
    100 Federal Street
    Boston, MA 02110

    Filippo Toscano
    30 Bradley Road
    North Weymouth, MA 02191

LAW OFFICE
OF
PHILIP F. MULVEY, III

152 Adams Street
Milton, MA 02186
617-696-2929
fax: 617-696-7285
email: pfmmulveylaw@aol.com

Filippo
Copy

November 25, 2003

MCAD
Nancy M. To, Appeals Coordinator
One Ashburton Place, Room 601
Boston, MA 02108

RECEIVED
NOV 25 2003

        RE: Toscano v. Fleet Boston et al
        MCAD Docket No. 02BEM01346

Dear Ms. To:

Attached is Mr. Toscano's Brief in Support of his Appeal along with my certificate of Service.

Sincerely,

*[signature]*
Philip F. Mulvey, III

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

Filippo Toscano

v.

FleetBoston Financial Corporation
And Karen Osowski

Docket No. 02BEM01346



EMPLOYEE'S BRIEF IN SUPPORT OF APPEAL

    Now comes the Employee and files this Brief in support of its position that the Commission incorrectly concluded that it is unable to conclude that the defendants violated state law. Further he states had the Commission allowed Discovery to be conducted there would be sufficient evidence to show that Karen Osowski, a member of management acted deliberately and intentionally in discriminating against Filippo Toscano because of his national origin, Italy. This discovery would have no impact on the defendant. The bank has taken the position that Mr. Toscano was terminated for performance issues. How is it he can manage the Malden Money Center, one of the most difficult places to work and manage without any performance issues and within six months be a performance issue? The answer is that performance was what was created to terminate him. The past and present employees of the bank along with documentation from personnel files will show that Ms. Osowski, harassed him and treated inconsistent with the bank's policy due to his national origin. When your manger tells you to speak English and that this is America there is only one conclusion that can be drawn.

In October 1999, Mr. Toscano, a college graduate with a certificate in education was hired as an Operations Supervisor in the Malden Money Center. His salary was $1153.85 bi-weekly (approx. $30,000.00 yr). In this Operations center he managed over fifty people, over saw shift work, got outstanding reviews from management and his co-workers. Most weeks he worked closed to sixty hours. He was given the mission that no one else wanted, which was recreating a department that had been failing.

Fourteen months after turning around the Malden Money Center Filippo Toscano sought a position with the Bank that would not only provide a greater salary to support his family but also visibility within the Bank. He applied for the position as a Training Specialist III in the Branch Training Administration Department. He was offered this

1

position with an annual salary of $37,800 even though the bank knew he had no experience working at a branch either as a teller or a manager. What the Hr people knew that recommended him for the job was that he worked well with people, he communicated with his staff and manager and was know for being thorough.

As soon as he was hired in his new position, his manager sent him on a training trip. Untrained and lacking experience he was sent to New Jersey and Connecticut. On this trip, he met his future manager, Ms. Osowski. She told him "if he cooperated with her, he would be able to keep his job." Ms. Osowski also told him "to speak English" when he was the trainer. There is no evidence that Mr. Toscano could not speak English.

Fleet has taken two positions as it relates to the Charge. First, since Mr. Toscano followed corporate protocol and filed an internal grievance about the way he was being treated and that Fleet found no issues that the MCAD must dismissed this Complaint/Charge. The MCAD has proper jurisdiction in this matter. AS to performance Fleet's own records (those we do have) establish that their position is inconsistent with them. For example, Ms. Osowski states that the students could not understand him. Fleet's tool to see how the trainer performs is by comments from the students and a scoring of the trainer. Mr. Toscano received an average of 4.8 out of a 5 for evaluations from his students. They also sent him cards and notes for his teaching. (see attached copies). In particular the first card is signed by his manager, Karen thanking Toscano for his performance. This contradicts the bank's position that he was a poor performer. If the Commission allows discovery, we believe that the documents will show that other trainer had lower scores of at least two other trainers. No action was ever taken to these other trainers.

The bank's own documents including emails shows that there were several students who needed additional training who were not initially trained by Toscano. The bank's documents will further show that no action was taken against these other trainers just Toscano.

As in all corporate settings, managers must due a performance review of their staff. Karen Osowski's review of Mr. Toscano (3/2001-3/2002) rated him a 3, 4, 4, 5. A 5 is the highest. In "Success Factors", this same manager rated him a 4, 4, 5, 5, 4,5, 4, 5, 5,4. This is not a poor performer. We believe that additional discovery of the other trainers will establish that there were others in the group with lower scores. In addition, discovery will show that some of the other trainers had lower scores, and complaints filed about them. In fact we believe that they were at least one and perhaps more that had disciplinary action taken against them and that these documents were taken out of their file.

During Toscano's employment, someone left a nasty/filfy voice mail message on his phone line. When Toscano went to see his boss she would do nothing.

Fleet has failed to provide any affidavits from any of his managers that performance was the issue of termination. Mr. Toscano was the only trainer with an accent. In fact a co-

2

trainer, Holly Pempin was asked by Ms. Osowski to seat in a class taught by the Complainant. She reported positive items that his manager turned into negative issues.

Title VII of the Civil Rights Act of 1964, as amended states as follows:
> It shall be an unlawful employment practice for an employer-
>> (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against and individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin, or …

The corresponding Massachusetts state law. MGL c. 151 B contains similar prohibitions. It is rare in any discrimination case that a plaintiff can prove out right that an employer has unlawfully discriminated against him/her. Direct evidence generally does not exist. In McDonell Douglas Corp. v. Green, 411 U.S. 792 (1973) the Supreme Court gave guidance with respect to the proof required in discrimination cases.

1. Plaintiff must state a prima facie case of discrimination;
2. Defendant must proffer a legitimate reason for having taken the employment action; and
3. Plaintiff must then prove that defendant's proffered reason was a "pretext for the sort of discrimination prohibited by Title VII

The Court in this case states that all of the evidence taken together would establish the defendant's tendency to (or not) discriminate.

The SJC recently decided Chief Justice for Adm. And Management of the Trial Court v. MCAD, 439 Mass 729 (2003) and held that even if defendant's proffered reasons in stage two are legitimate, a fact finder can still decide that discrimination was the cause of the challenged employment decision.

Allowing Mr. Toscano to continue with discovery will give him the opportunity to fully establish his case and establish that the Defendant's violated state and federal law. The documents that have been supplied to the Commission in the past along with the attached are enough to meet the burdens stated above.

Therefore the Employer, Mr. Toscano seeks from the Commission the opportunity to move forward with this matter.

3

11/24/03						Respectfully submitted,
						By His Attorney

						_____
						Philip P. Mulvey, III
						BBO No. 360905
						Mulvey Law Offices
						152 Adams Street
						Milton, MA  02186
						617-696-2929

4

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing documents have been served upon counsel for the defendant, via U.S. Mail. Postage pr4epaid, addressed as follows;

    Anne M. Kinnane, Esq.
    Fleet Boston Financial
    Mail Stop MA DE 10019B
    100 Federal Street
    Boston, MA 02110

DATED; November 25, 2003

_____
Philip F. Mulvey, III

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Filippo Toscano<br>30 Bradley Rd<br>North Weymouth, MA 02191 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2002-01833 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Robert L. Sanders,
Area Office Director

OCT 28 2004
(Date Mailed)

cc: FLEET BOSTON FINANCIAL
1 Federal St, Made 10306p
Boston, MA 02110

## DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit. You may file a complaint in federal court without a lawyer which is called a *pro se* complaint. Every district court has either a clerk or staff attorney who can assist you in filing *pro se*. To find out how to file a *pro se* complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer in order to adequately protect your legal rights. Whether you retain a private attorney, or file *pro se*, you must file your suit in the appropriate court within 90 days of receiving this mailing.

## WHAT IF I WANT A LAWYER BUT I CAN'T AFFORD ONE?

If you can't afford a lawyer, the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer. You must file papers with the court requesting the appointment of counsel. You should consult with the office of the district court that assists *pro se* complainants for specific instructions on how to seek counsel. The appointment of counsel in any *pro se* complaint is always at the discretion of the court.

Generally, the U.S. District Court charges a $120.00 filing fee to commence a lawsuit. However, the court may waive the filing fee if you cannot afford to pay it. You should ask the office of the District Court that assists *pro se* complainants for information concerning the necessary procedure to request that the filing fee be waived.

## HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may be of assistance to you in finding a lawyer to assist you in ascertaining and asserting your legal rights:

American Bar Association                           The Massachusetts State Bar Association
(312) 988-5522                         Toll Free (866) 627-7577    Local    (617) 617-654-0400
                National Employment Lawyers Association Referral Service
                (212) 819-9450

Your County, City, or Municipal Lawyers or Bar Association may also be of assistance.

## HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge file to be destroyed after 2 years from the date of a no cause determination or six months after other types of final actions. If you file suit, and wish us to retain your file for more than the normal retention period, you or your attorney should forward a copy of your court complaint to this office within 10 days after you file suit. **If You File Suit, You or Your Attorney Should Also Notify this Office When the Lawsuit is Resolved.**

Information Sheet (page 2 of 2)