```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


FILIPPO TOSCANO,                    )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   CIVIL ACTION NO.
                                    )      04-12474-DPW
                                    )
FLEET BOSTON FINANCIAL,             )
                                    )
        Defendant.                  )
```

ORDER
March 26, 2008

Upon review of the plaintiff's February 20, 2008 response (docket entry #13) to the court's second show cause order, it is hereby ORDERED that:

1. The Clerk shall issue summons. The plaintiff is responsible for completing service of the summons, complaint (docket entry #2), and this order upon the defendant in accordance with Fed. R. Civ. P. (4). If the plaintiff so elects, he may direct the United States Marshal to complete service with all costs of service to be advanced by the United States.

2. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this order to complete service and file proof thereof.

3. The claims of employment discrimination shall go forward. The claim for wrongful termination of the plaintiff's long-term disability benefits has already been dismissed without

prejudice.[1]

4.   The court will direct the court's *pro bono* coordinators to try to locate *pro bono* counsel for the plaintiff.  The plaintiff is advised, however, that the court's *pro bono* program relies on the volunteer efforts of local attorneys, and it is not certain that the *pro bono* coordinators will be able to find an attorney willing to represent the plaintiff on a *pro bono* basis.  The plaintiff is also advised that, pending the court's search for a *pro bono* attorney for the plaintiff, he remains responsible for prosecuting his case, including completion of service in accordance with Fed. R. Civ. P. 4.

                                /s/ Douglas P. Woodlock
                                DOUGLAS P. WOODLOCK
                                UNITED STATES DISTRICT JUDGE

---

[1] The dismissal of this claim was not the equivalent of a ruling that the termination of the benefits was lawful.  As part of his second complaint, Toscano had submitted an October 20, 2004 letter from the insurance carrier notifying him of his right to request review of the denial of benefits.  *See* Second Compl. (docket entry #4), at 8.  The second complaint did not, however, contain any suggestion that Toscano had pursued this review.  In a memorandum and order dated August 6, 2007 (docket entry #5), I explained that because Toscano had not shown that he exhausted the remedies available to him under his employer-provided benefits plan, judicial review of the insurance carrier's decision to terminate the benefits was simply not available.  *See Madera v. Marsh*, 426 F.3d 56, 61 (1st Cir. 2005); *Terry v. Bayer Corp*, 145 F.3d 28, 40 (1st Cir. 1998); *Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 826 (1st Cir. 1988).  In his response (docket entry #6) to this show cause order, Toscano did not indicate that he had exhausted the remedies available under the benefits plant.